IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBYN MITTON ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | COMPLAINT FOR DAMAGES |
| vs. ) | |
| ) | (Jury Trial Demanded) |
| JEFFERSON COUNTY; EAST ) | |
| JEFFERSON FIRE RESCUE; PATRICK ) | |
| NICHOLSON JR.; and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff Robyn Mitton, hereinafter plaintiff, by and through her undersigned attorney, and for the causes of action against the above-named defendants, alleges and avers as follows:

**I.     INTRODUCTION**

1. This is an action for damages is against Jefferson County, East Jefferson Fire Rescue, and Patrick Nicholson, all of whom caused plaintiff to suffer a loss of dignity, loss of

COMPLAINT FOR DAMAGES - 1

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

self-esteem, deprivation of her civil rights, loss of mental health, and mental and emotional anguish.

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343; and the provisions of 42 U.S.C. §§ 1983 and 1988; and, the Constitution of the United States, specifically the Fourth and Fourteenth Amendments thereto.

3. This Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367 by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## III. VENUE

4. All of the unlawful acts and practices alleged herein occurred primarily in or near Jefferson County which is in the southern portion of the Western District of Washington and the Tacoma Courthouse is thus the appropriate forum for this matter.

## IV. PARTIES

5. Plaintiff Robyn Mitton is a female citizen of the United States, and is a resident of Caldwell, Idaho.

6. Defendant Jefferson County is now, and at all times relevant to this complaint, the state agency responsible for East Jefferson Fire Rescue and its employees.

7. Defendant East Jefferson Fire Rescue is now, and at all times relevant to this complaint, the employer of Defendant Patrick Nicholson, the voyeuristic employee.

8. Defendant Patrick Nicholson is now, and at all times relevant to this complaint, an employee at East Jefferson Fire Rescue.

COMPLAINT FOR DAMAGES - 2

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

9. Defendants DOES 1-10, inclusive are now, and at all times relevant to this complaint, in some way responsible for the harm that plaintiff suffered as described in this complaint. The complaint will be amended when the true names and capacities are ascertained. At all times relevant each defendant was the agent of each other.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Within the statutory time period, specifically on August 9, 2021, plaintiff sent a tort claim against Jefferson County and on August 21, 2021, against East Jefferson Fire Rescue arising out of the events alleged herein. More than 60 days have elapsed, and King County has not responded to the claim. The tort claim was thus denied as a matter of law. Plaintiff has exhausted all possible grievances and pursued all administrative remedies that were available to her.

## VI. STATEMENT OF FACTS

11. Plaintiff Robyn Mitton, while working with East Jefferson Fire Rescue, became a victim of a voyeuristic employee with compromising videos of her being taken on the property of East Jefferson Fire Rescue. Plaintiff has sustained several damages as a result, including emotional distress, humiliation, and mental anguish.

12. On June 8, 2021, plaintiff's sister, Rachel Banks, contacted plaintiff saying she had received a text message from an individual named Susan. The message stated that plaintiff needed to contact the Sheriff's Department in Jefferson County and a RCW code was given. Furthermore, the message stated that a crime had taken place on East Jefferson Fire Department property and that plaintiff had been involved. It was later revealed that Trish Nicholson, had sent the message using the name Susan and an anonymous number.

COMPLAINT FOR DAMAGES - 3

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

13. Ms. Nicholson is the wife of Patrick Nicholson, who had previously been employed at East Jefferson Fire during an overlapping period of time that plaintiff had been employed there. Ms. Nicholson later informed plaintiff that she had been vague due to concerns regarding the statute of limitations and had wanted the Sheriff's Department to inform her of the incident in question.

14. The night of June 8, 2021, plaintiff called the Jefferson County Sheriff's office, stating that she had been told through a third party that she may have been the victim in a voyeurism case. The officers told her that they would pass on her information to the Detective in Port Townsend.

15. On June 9, 2021, Detective John Stuart called plaintiff and confirmed that she was named as a victim of Patrick Nicholson and that there were two other victims named originally. He proceeded to tell plaintiff that he had been informed about the case, but it would be a couple of months before the investigation began given he was investigating other cases. He did not yet have the records from the Yakima Police department.

16. The voyeuristic individual being investigated is Patrick Nicholson, who was employed by East Jefferson Fire Rescue as a Firefighter/Paramedic from June 2007 through November 2015. He also was in charge of radio, programming and communication for the department. Plaintiff was employed by East Jefferson Fire Rescue from June of 2011 through 2013 as a Firefighter EMT. Plaintiff and Patrick Nicholson's employment overlapped for a period of about 2 years, but during this time there was minimal contact. Patrick Nicholson's departmentally assigned responsibilities afforded him direct access to the private bedrooms where plaintiff was recorded without her consent. In addition to being recorded in the private

COMPLAINT FOR DAMAGES - 4

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

bedroom while partially nude, Patrick Nicholson also recorded plaintiff with audio and video in various other places around the department.

17. On June 9, 2021, after speaking with the detective, plaintiff left work to try and process what she had been told. Before leaving she informed her supervisors with the Bureau of Land Management what had happened and why she had to leave.

18. On Thursday June 10, 2021, plaintiff called out of work saying that she woke up shaking and was so anxious she was sick to her stomach. She didn't feel that she was safe in her own home or place of work. That day she signed up for BetterHelp which is an online service that provides mental health services. Plaintiff had childhood anxiety that had been managed until this incident occurred. The invasion and violation of privacy by East Jefferson Fire Rescue's voyeuristic employee, Patrick Nicholson, impacted plaintiff both mentally and physically.

19. June 11, 2021 was a hot night. Plaintiff had taken Melatonin but only slept for an hour before waking from a panic attack. She had been wearing a sports bra and underwear on account of the heat. The only thing that calmed her down was once she had covered herself by putting on her husband's oversized t-shirt, baggy shorts, and wrapping herself up in a blanket.

20. Plaintiff describes been constantly nauseous, and by June 12th she hadn't eaten for three days from the anxiety and unease caused by the defendants. By the fourth day, she didn't eat from hunger but recognized the necessity. She ate only small portions, and it took nearly two weeks for her to begin to eat relatively normally again. Over that period of time plaintiff lost a significant amount of weight from the anxiety, paranoia, and disgust this incident elicited.

COMPLAINT FOR DAMAGES - 5

21. On Saturday June 12th, plaintiff attempted to return to work, but she began panicking and crying. She continuously had to dismiss herself from being around people due to the overwhelming anxiety, unease, and panic she was experiencing. That day she began journaling in an attempt to manage her anxiety. She was barely sleeping and continues to struggle with sleeping since she found out about the violation of her privacy and person. That Friday, June 12th, she finally told her parents what had occurred. She had been too anxious and ashamed to inform them when she learned of what had occurred at East Jefferson Fire Rescue.

22. Sunday June 12th, 2021 was the first day since plaintiff had been informed that she did not feel sick to her stomach when she ate. That same day, however, plaintiff had to stay at a hotel for a work assignment. She was incredibly scared and paranoid that there were cameras hidden somewhere watching her. She describes continuing to have this fear of the unknown and of being watched.

23. Plaintiff continues to experience paranoia in hotels as she is required to travel for work. She describes beginning to feel comfortable in her own home, but still feeling anxious, uneasy and paranoid while at work. Plaintiff works in a male dominated field and has caught herself frequently looking over her shoulder while working. She has isolated herself since finding out about the incident, withdrawing from her friendships, relationships and regular activities. Plaintiff has suffered intimacy and communication issues in her marriage as a direct result of this incident. To this day plaintiff struggles with her health and wellbeing. She used to enjoy cooking and would go to the gym daily. Since being informed of the invasion of her privacy and the conduct of a voyeuristic employee at East Jefferson Fire Rescue she has had difficulty sleeping, eating and feels as though she is in a "delusional

COMPLAINT FOR DAMAGES - 6

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

fog." She no longer has a desire to cook, go to the gym, or exercise self-care. She finds herself checking outlets and mirrors for cameras or recording equipment out of fear and struggles to trust her current colleagues.

24. On July 9th, 2021, plaintiff ended up having to end her therapy due to increased work demands, but signed up with BetterHelp again on July 27, 2021, due to the continued anxiety and paranoia defendants caused her.

25. Trish Nicholson and plaintiff began talking about the incident on June 19th, 2021. They had no previous relationship and had never spoken before discovering the invasion of plaintiff's privacy. Over time Ms. Nicholson has slowly revealed to plaintiff more information about her husband's voyeuristic tendencies.

26. Several years ago, Ms. Nicholson had found non-consensually recorded video footage Patrick Nicholson had taken. He had convinced her that it was out of character for him, he had deleted them, and that he had been going through a tough time.

27. In December of 2020, Ms. Nicholson had found footage that Mr. Nicholson claimed had been taken by the previous Fire Marshall. He told Ms. Nicholson that the Marshall had put the video camera in a vent to film a woman in the department taking a shower. Mr. Nicholson told Ms. Nicholson he had reported it, but the footage was on his computer. When she found this content, she also rediscovered the videos he had claimed he deleted along with new footage as well.

28. In early January 2021, Ms. Nicholson turned over 2 laptop hard drives and an old iPad to the Yakima Police. The iPad contained footage of their underaged daughters, who were 15 and 2 at the time they were filmed. There were other women filmed in compromising conditions, and Mr. Nicholson admitted to both Ms. Nicholson and his

COMPLAINT FOR DAMAGES - 7

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

psychosexual evaluator that he had filmed these individuals without their consent or knowledge. Some video files were deleted by the evaluator, and he is currently under investigation. The videos that Ms. Nicholson were able to access had footage ranging from 2011 to 2020.

29. While Mr. Nicholson was working with East Jefferson Fire Rescue, he also was employed by or volunteered with Jefferson County Fire Protection District 5 from October 2009 to May 2013, Jefferson County Fire Protection District 4 from May 2013 to 2015, and Jefferson County Sheriff's Office from April 2013 through March 2016. Since his employment with East Jefferson Fire Rescue, he has worked and volunteered with Skamania County Public Hospital District from November 2015 through July 2016. He was reinstated as a volunteer with Skamania County Public Hospital District after unlawful termination and worked there from November 2016 through August 2017. He worked with American Medical Response Yakima from August 2017 through November 2018 and Ellensburg, Kittitas County, from November 2018 until present as far as plaintiff is aware.

30. Since the discovery of the actions of East Jefferson Fire Rescue's voyeuristic employee, plaintiff has experienced significant anxiety, paranoia, and disgust in her place of work, home and person that is ongoing. She has had to pay for therapy and taken time from work to deal with the repercussions of the incident at hand. A person has the right to feel safe in their place of employment. This right has been taken from plaintiff due to her being filmed in compromising situations without her knowledge and consent.

### VII.   FIRST CLAIM FOR RELIEF

**(42 U.S.C. §§ 1983 - Fourth Amendment – Unreasonable Search and Seizure – Against Patrick Nicholson)**

COMPLAINT FOR DAMAGES - 8

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

31.     Plaintiff realleges and incorporated by reference herein paragraphs 1 through 30 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

32.     The actions of defendant Patrick Nicholson in recording plaintiff without her consent violated plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure in violation of 42 U.S.C. §§ 1983.

33.     As a direct and proximate result of defendant Patrick Nicholson's acts, plaintiff had her persons unlawfully searched without her consent, and the videos Patrick Nicholson took from her violated her right to privacy.

34.     As a direct and proximate result of defendants' conduct, plaintiff sustained damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial. The conduct of defendant Patrick Nicholson was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff for which an award of punitive damages is mandated against him.

## VIII.   SECOND CLAIM FOR RELIEF

**(18 U.S.C. §§ 2510-2522 – Federal Wiretap Act – Against Patrick Nicholson)**

35.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

36.     Defendant Patrick Nicholson intentionally intercepted plaintiff's oral communication through the use of hidden electronic communications systems in her private bedroom and in various other locations around the fire department, violating the federal

COMPLAINT FOR DAMAGES - 9

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Wiretap Act. Patrick Nicholson had no authorization or consent to engage in such behavior, and plaintiff behaved in the manner that she did under the reasonable expectation that said communication was not subjected to interception.

37. Patrick Nicholson intercepted plaintiff's private conversations, as well as her disrobing, which plaintiff would not have done had she been aware that he had access to view her actions.

38. As a direct and proximate result of Patrick Nicholson's acts, plaintiff sustained severe mental anguish, mortification, humiliation, loss of good health and sleep, paranoia, anxiety, and physical distress, all to her damage according to proof at trial.

## IX.   THIRD CLAIM FOR RELIEF

### (Fourteenth Amendment – Due Process – Against Patrick Nicholson)

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

40. Plaintiff has a liberty interest of being free from having her likeness disseminated without her consent or any discernable way for her to know who has seen or had access to the videos Patrick Nicholson took of her. Patrick Nicholson's actions deprive plaintiff of a constitutionally protected liberty interest in that they constitute an atypical and significant hardship as compared with the ordinary incidents of work life.

41. Plaintiff also has a liberty interest of being free from having constant and perpetual anxiety and paranoia, emotional and mental distress, and trauma. As a result of Patrick Nicholson's voyeuristic actions, plaintiff has experienced strains on her relationships with friends, family and her spouse, and has been unable to perform her work duties.

COMPLAINT FOR DAMAGES - 10

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

42. As a direct and proximate result of Patrick Nicholson's constitutional violations, plaintiff will suffer long-term injury. Plaintiff has and will continue to need to seek remedy for the damages caused by Patrick Nicholson's actions. Thus far plaintiff has sought mental and emotional support through virtual therapy, though she continues to suffer from severe and unrelenting anxiety that is affecting every aspect of her life.

## X.     FOURTH CLAIM FOR RELIEF

### (Invasion of Privacy – Against Patrick Nicholson)

43. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 42 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

44. Defendant Patrick Nicholson willfully and with reckless disregard violated plaintiff's right to privacy. Plaintiff has the right to control the exposure of her body to public view, and Patrick Nicholson violated this right and invaded plaintiff's privacy when he placed recording devices in plaintiff's private bedroom where she regularly disrobed. Plaintiff had a reasonable expectation of privacy in her private bedroom at the fire department, where she expected to be safe from invasion and surveillance of her bodily privacy. In addition to being recorded partially nude in her private bedroom, plaintiff was also recorded with video and audio in various areas around the fire department.

45. As a direct and proximate result of Patrick Nicholson's acts, plaintiff sustained severe mental anguish, mortification, humiliation, loss of good health and sleep, paranoia, anxiety, and physical distress, all to her damage according to proof at trial.

## XI.     FIFTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress – Against Patrick Nicholson)

COMPLAINT FOR DAMAGES - 11

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

47. Defendant should have known that his extreme and outrageous actions would result in plaintiff experiencing emotional distress, embarrassment, panic, and mental anguish. Plaintiff no longer feels secure anywhere, even by herself, and this perpetual state of anxiety and paranoia she is trapped in has caused her emotional state to deteriorate.

48. By actively choosing to forego obtaining consent, Patrick Nicholson knew that his voyeuristic actions would directly cause significant emotional distress to plaintiff, and consciously chose to proceed anyways. This deliberate choice makes the emotional consequences that plaintiff is suffering as a result of his behavior intentional.

49. As a direct and proximate result of the actions of Patrick Nicholson as described above, plaintiff has suffered chronic anxiety and loss of her liberty. She has been deprived of freedoms and privileges that are enjoyed by others in the workplace, and has sustained mental anguish, emotional distress, mortification, humiliation, anxiety, paranoia, and loss of good health and sleep. The full extent of her injuries will be proven at trial.

## XII.   SIXTH CLAIM FOR RELIEF

**(General Negligence – Against all Defendants)**

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for Relief.

51. The acts of defendant Patrick Nicholson as described above constituted negligence in that his use of recording devices caused plaintiff immense emotional distress

COMPLAINT FOR DAMAGES - 12

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

by not knowing who has seen or has access to the videos taken of her without her knowledge or consent. East Jefferson Fire Rescue and Jefferson County are vicariously liable for all acts by any person employed who is responsible for the damages that plaintiff suffered.

52. As a direct and proximate result of each defendants' negligent conduct, plaintiff sustained economic and non-economic damages including, without limitation, mental suffering, embarrassment, humiliation, mortification, emotional distress, emotional trauma, and other mental pain and suffering, and other damages, to be proven at trial.

### XIII.   SEVENTH CLAIM FOR RELIEF

**(Negligent Hire – Against East Jefferson Fire Rescue, Jefferson County)**

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.

54. Defendants East Jefferson Fire Rescue and Jefferson County were negligent in checking the background of defendant Patrick Nicholson during the hiring process. Given his predilection, Patrick Nicholson should not have been hired to a position that gave him regular access to women and their private spaces as well. Defendants East Jefferson Fire Rescue and Jefferson County were negligent in allowing an individual who had not been properly evaluated to have the free reign to enter any bedroom he wished with no supervision.

55. As a direct and proximate result of the defendant's negligence, plaintiff has suffered mental suffering, mortification, humiliation, embarrassment, emotional, emotional trauma, and other mental pain and suffering, and other damages, to be proven at trial.

### XIV.   EIGHTH CLAIM FOR RELIEF

**(Negligent Retention – Against East Jefferson Fire Rescue, Jefferson County)**

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

57. Defendants East Jefferson Fire Rescue and Jefferson County were negligent in not firing Patrick Nicholson for the behavior he exhibited long before he caused direct harm to plaintiff. On information and belief, plaintiff alleges that East Jefferson Fire Rescue supervisors received numerous complaints from various employees regarding Patrick Nicholson's alarming behavior and conduct.

58. As a direct and proximate result of the defendant's negligence, plaintiff has suffered mental suffering, mortification, humiliation, embarrassment, emotional, emotional trauma, and other mental pain and suffering, and other damages, to be proven at trial.

## XV.   NINTH CLAIM FOR RELIEF

**(Inadequate Oversight – Against East Jefferson Fire Rescue, Jefferson County)**

59. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.

60. Defendants are subject to strict liability to plaintiff because the lack of oversight of their employee Patrick Nicholson and property extended beyond that which would be contemplated by the ordinary employee in this type of employment. An ordinary employee who is working in a field where they are asked to change, shower and sleep in a facility would expect oversight that protected them from an invasion of their privacy while on their employer's property.

COMPLAINT FOR DAMAGES - 14

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

61. Alternative greater oversight was available to protect their employees. Consequently, defendants are strictly liable to plaintiff given that the footage was taken on East Jefferson Fire Rescue property. If there had been adequate oversight pertaining to their employees and property, plaintiff would not have experienced mental anguish and emotional and physical pain

62. As a direct and proximate result of the Defendants' negligent acts and omissions as described herein, Plaintiff was caused to suffer injuries and damages that include, but are not limited to, mental anguish, emotional distress, and physical pain.

### XVI.   TENTH CLAIM FOR RELIEF

**(Trespass – Against Patrick Nicholson)**

63. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 62 with the same force and effect as if such paragraphs were separately realleged in this Tenth Claim for Relief.

64. The actions of defendant Patrick Nicholson recording plaintiff without her permission or consent constitute trespassing and is a contributing factor to her emotional distress damages.

65. As a direct and proximate result of Patrick Nicholson's trespass, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, and emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial.

### XVII.  ELEVENTH CLAIM FOR RELIEF

**(RCW 9.73.030 - Washington State Wiretap Act – Against Patrick Nicholson)**

COMPLAINT FOR DAMAGES - 15

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

66. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 65 with the same force and effect as if such paragraphs were separately realleged in this Eleventh Claim for Relief.

67. In violation of RCW 9.73.030, defendant Patrick Nicholson failed to obtain consent from plaintiff before visually and audibly recording her private conversations in her private bedroom and in various locations around the fire department. Without consent from plaintiff, Patrick Nicholson intercepted via electronic communication systems plaintiff's private communications.

68. As a direct and proximate result of Patrick Nicholson's acts, plaintiff sustained severe mental anguish, mortification, humiliation, loss of good health and sleep, paranoia, anxiety, and physical distress, all to her damage according to proof at trial.

## XVIII. TWELFTH CLAIM FOR RELIEF

### (Respondeat Superior – Against East Jefferson Fire Rescue, Jefferson County)

69. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 68 with the same force and effect as if such paragraphs were separately realleged in this Twelfth Claim for Relief.

70. In doing the things herein alleged, defendant Patrick Nicholson was acting within the course and scope of his employment with East Jefferson Fire Rescue in Jefferson County. East Jefferson Fire Rescue and Jefferson County are therefore both liable for the conduct of defendant Patrick Nicholson.

## PRAYER

COMPLAINT FOR DAMAGES - 16

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

WHEREFORE, plaintiff respectfully prays for the following relief against defendants:

A. A money judgement against each defendant in an amount which will fully compensate her for her economic losses, emotional distress, and other losses, harm and damages sustained in this matter;

B. That the court awarded plaintiff her costs, including reasonable and statutory attorney fees incurred in this matter, as provided by law; and

C. Such further relief as this Court deems appropriate.

Dated this 22nd day of March, 2022, at Seattle, Washington.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*/s/ Darryl Parker*_____
**Darryl Parker**, WSBA #30770

COMPLAINT FOR DAMAGES - 17

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183